### THE BADGER.

#### (District Court, E. D. Virginia. November 11, 1914.)

1. SEAMEN (§ 11*)—INJURY IN SERVICE—RIGHT TO MEDICAL TREATMENT.

Where a seaman on a barge, while in the performance of his duties, was seriously burned about the face and eyes by steam escaping from an exhaust pipe while the barge was lying in the harbor of Boston, it was the duty of the master, in view of the delicate nature of the injury, to have the same treated before leaving the port, and for the consequences of his failure to do so the barge and owner are liable.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 39–44, 187; Dec. Dig. § 11.*]

2. SEAMEN (§ 29*)—PERSONAL INJURIES—UNSAFE APPLIANCES.

Libelant, a seaman on a barge, was injured by steam and hot water escaping from an exhaust pipe on the barge, which, as located, was an unsafe appliance and was unknown to libelant. *Held*, that he was entitled to recover for the injury, and was not deprived of that right because he and the master of the barge were fellow servants.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

In Admiralty. Suit by Charles Taylor against the barge Badger. Decree for libelant.

Allan D. Jones, of Newport News, Va., and Bowden & Heard, of Norfolk, Va., for libelant.

Hughes & Vandeventer, of Norfolk, Va., for respondent.

WADDILL, District Judge. On the morning of the 8th of May, 1914, the barge Badger, from Bangor, Me., to Boston, Mass., dropped anchor in the latter port about 6 o'clock, at a point in the upper harbor about four miles from the city, and the libelant, a seaman, at the time in the after house of the barge, was ordered by the master to come to the forward house, where the master then was. The libelant proceeded up to the starboard side of the forward house, when, without warning or knowledge of its existence, he was suddenly struck in the face by a jet of steam and hot water, emitted from an exhaust pipe, the mouth of which was some seven feet above the main deck of the barge, and projecting from the starboard side of the forward house a few inches, at a downward angle of about 45 degrees, painfully and severely burning him about the face and eyes. The libelant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

218 F.—6

charges that the injuries were caused by the negligent failure of the barge to keep her appliances in a reasonably safe and seaworthy condition, and that said exhaust pipe's construction was a dangerous appliance, of which he had no knowledge; that he requested the master of the barge to send him to a hospital to have the injuries he had sustained attended to, but that the latter refused to do so, and libelant was kept on board without medical treatment until its arrival at Newport News, Va., about 4 o'clock in the evening of May 11, 1914, when he voluntarily left the barge and secured medical treatment. Libelant claims that as a result of the accident he suffered great pain and anguish of body and mind, that he was badly scarred, his eyes injured, and his sight perhaps permanently impaired, causing a serious diminution in his earning capacity, and that he expended large sums of money in attempting his cure.

Respondent contends that, while libelant received the injuries complained of, they were the result of his own negligence, by his going forward on the starboard side of the house, instead of on the port side, where a safe passageway was provided for the purpose; that libelant saw the steam from the exhaust pipe, and attempted to pass through the same; that the emission of steam was an act incident to the navigation of the vessel; and that the master of the barge and libelant were fellow servants at the time of the accident. Respondent further says that the injuries received by libelant were very slight, that all proper and necessary medical attention was given or tendered him, and that, when respondent offered medical assistance in the port of Boston, libelant declined same, saying he did not need it, and voluntarily continued on the voyage to Newport News, Va.

From this statement, two questions are presented: (1) Whether the libelant is entitled to be paid for the failure of the respondent to seasonably furnish necessary medical treatment for the injuries sustained by the libelant while in its employ; and (2) whether, under the law, libelant can recover because of the injury received by the escaping steam from the exhaust pipe referred to in his libel, and in that connection whether the doctrine of fellow servant is applicable, and disentitles him to recover because of his and the barge's master's relation as coemployés.

The right of seamen to be paid for injury arising from the failure of a ship to furnish medical attention is well settled (The Luckenbach [D. C.] 174 Fed. 265); and the sole question here is whether, under the circumstances of this case, the barge's master properly discharged his duty to libelant in failing to furnish such treatment before leaving the port of Boston.

[1, 2] The conclusion reached by the court, upon full consideration of the evidence is: (1) That while there was much justification for the action of the master, still, having regard to the visible and delicate character of the injury sustained, the master should have sent the seaman ashore before leaving Boston. (2) As to the liability for the injuries received from the escaping steam, there is a sharp conflict in the testimony as to the suitability of the location of the pipe, the necessity for libelant's encountering the steam escaping therefrom by

which he was injured, and whether he did not know of, and had not been warned against, the danger thereof; and the court finds that the exhaust pipe was an unsafe appliance, its existence unknown to the libelant, and for the injuries arising therefrom, sustained in the lawful discharge of his duty, he is entitled to recover, and is not deprived of such right under any application of the doctrine of fellow servant, since the respondent cannot avail itself of that defense where the injury occurred as a result of the defective appliance.

The libelant is entitled to recover upon both of his causes of action, as well as for the loss of wages pending his cure, and the amount thereof should be limited to the injuries and losses sustained; that while he suffered considerably, and was entitled to medical treatment, the damage to his eye fortunately turned out not to be serious, nor was he long prevented from following his usual avocation, and in the opinion of the court an allowance of $200 will compensate for all the injuries and losses sustained by him.

A decree for that sum will be entered upon presentation.